**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KEVIN WILLIAM CASSADAY,

        *Plaintiff,*

*v.*

COMMISSIONER OF SOCIAL
SECURITY,

        *Defendant.*

_____/

Case No. 1:25-cv-13994

Robert J. White
United States District Judge

Patricia T. Morris
United States Magistrate Judge

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL AGENCY ACTION (MANDAMUS) (ECF No. 11)

Plaintiff filed the instant *pro se* action on December 10, 2025, regarding benefits that he contends were unlawfully withheld allegedly because of his incarceration. (ECF No. 1). Before the court is Plaintiff's motion to compel agency action, *i.e.*, for mandamus. (ECF No. 11). Plaintiff contends that the Defendant "has unreasonably delayed action" on his appeal "exceeding nine months" and that Plaintiff has "no other adequate remedy[.]" (ECF No. 11, PageID.134).

Under the All Writs Act, 28 U.S.C. § 1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." The Court's mandamus powers are codified in 28 U.S.C. § 1361 which provides that courts may "compel an officer or employee of the United

1

States or any agency thereof to perform a duty owed to the plaintiff." In order to obtain relief under this extraordinary writ, a plaintiff must "show that he 'has a clear right to relief,' that the government official has a 'clear duty to act,' and that he has 'no other adequate remedy.'" *Baaghil v. Miller*, 1 F.4th 427, 435 (6th Cir. 2021) (internal citation omitted). Here, Plaintiff does not point to any clear statutory or regulatory right to have one's appeal adjudicated in any certain time frame; thus, he has not shown any clear right of his nor any clear duty of the Defendant. In addition, a delay of nine months is not so egregious as to warrant the extraordinary remedy of mandamus. *But see Bomberg v. Astrue*, No. 10-cv-6348, 2011 WL 4000898, at *7 (S.D.N.Y. Sept. 8, 2011) (mandamus appropriate where claimant timely requested a hearing but no hearing was provided for over four years). Accordingly, his motion fails. *Baaghil*, 1 F.4th at 435.

For all these reasons, Plaintiff's motion to compel agency action, *i.e.*, for mandamus (ECF No. 11) is **DENIED**.

**IT IS SO ORDERED.**

Date:  June 4, 2026                                       s/ Patricia T. Morris
                                                          Patricia T. Morris
                                                          United States Magistrate Judge

2